UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| CULLEN BRYANT WASHINGTON | CIVIL ACTION NO. 05-0066-A |
|---|---|
| -vs- | JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE KIRK |

R U L I N G

Before the Court is a Motion to Dismiss Plaintiff's action in its entirety pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure brought by Defendant, the United States of America. (Doc. 6). Plaintiff opposes the motion. (Doc. 17). After reviewing the parties' extensive pleadings and for the reasons outlined below, Defendant's Motion will be GRANTED. A separate judgment will issue accordingly.

Background

Plaintiff, Cullen Bryant Washington, was employed as a chaplain at the Veterans Affairs Medical Center in Pineville, Louisiana. Mr. Washington alleges he was constructively discharged following an unfortunate series of events which began when Mr. Washington apparently left a book, which the medical center considered inappropriate, lying on a counter at the medical center. Following an investigation by the medical center's Administrative Board of Investigation, the Administrative Board presented Mr. Washington with four disciplinary alternatives from which he could choose. One option was retirement, and he elected to retire on January 23, 2004. (Doc. 10). After retiring, Mr. Washington

apparently chose not to file any administrative action within the confines of the Veterans Administration System. (Doc. 16, Exh. A). Instead, on January 13, 2005, Mr. Washington filed this suit against the United States of America and John and Jane Doe in their individual capacities. In his amended complaint, Plaintiff alleges unconstitutional racial discrimination and slander and/or libel pursuant to 42 U.S.C. § 1981. (Doc. 10).

In response to Plaintiff's complaint, Defendant filed the present Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting Mr. Washington's suit cannot be sustained because he failed to exhaust administrative remedies prior to filing suit and, therefore, this Court lacks jurisdiction to hear the case. (Doc. 16). Further, Defendant claims Mr. Washington should have asserted his claim under 42 U.S.C. § 2000e-16 (commonly referred to as Title VII) rather than § 1981 because, according to Defendant, Title VII provides the exclusive cause of action and remedy for federal employees asserting claims of employment discrimination. (Doc. 16). Finally, according to Defendant, even if Mr. Washington may maintain his claims, any allegations against individual defendants should have been brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971) and its progeny. Defendant argues that Plaintiff's failure to do so shows that he has failed to state a claim on which relief can be granted.

In response to Defendant's Motion, Mr. Washington argues this Court has subject matter jurisdiction over his claims because his alleged injury is a result of constitutional violations and his claims rise above the statutorily-established administrative procedures for employment discrimination claims against the

Department of Veterans Affairs. Therefore, according to Plaintiff, he may maintain his suit despite his failure to pursue administrative remedies.

Law and Analysis

Rule 12(b)(1) allows a defendant to assert that the court must dismiss an action before it because it lacks subject matter jurisdiction. Rule 12(b)(6) allows a party to request that the Court dismiss an action on the grounds that the Plaintiff failed to state a claim upon which relief can be granted." The question the Court must consider when ruling on a Rule 12(b)(6) motion is: "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999).

A. Title VII

We first address the Title VII issues apparent in this case. In his initial complaint, Mr. Washington pled his action, in part, as presenting Title VII claims. (Doc. 1). While his Amended Complaint makes no reference to Title VII, it does not explicitly retreat from those claims. Therefore, we will address those claims to avoid future confusion.

Title VII prohibits governmental and private employers from discriminating against employees on the basis of race, color, religion, sex, or national origin. Fitzgerald v. Secretary, United States Dept. of Veterans Affairs, 121 F.3d 203 (5th Cir. 1997). The Department of Veterans Affairs, Mr. Washington's former employer, is a governmental employer and is subject to this restriction. Id. However, a federal employee may not file a Title VII action in federal district court unless he first exhausted his administrative remedies against his federal

3

employer. Id. "If a federal employee fails to exhaust his administrative remedies, the district court cannot adjudicate the employee's Title VII claim." Id. at 206.

Mr. Washington does not contest Defendant's assertion that he did not pursue any administrative remedies against his former employer prior to bringing suit in this Court. Therefore, pursuant to the law outlined above, he is barred from bringing such an action in a federal district court. Defendant's Motion to Dismiss will be granted as to any Title VII claims Plaintiff has asserted.

B. Bivens Action

In his opposition to Defendant's Motion to Dismiss, Plaintiff appears to concede that a Bivens action is the appropriate vehicle through which to bring his claim against John and Jane Doe in their individual capacities for slander and/or libel. (Doc. 17).[1]  Unlike Defendant, however, he considers a Bivens action sustainable.

Bivens and its progeny created a vehicle for parties to bring claims against federal individuals to redress alleged constitutional violations. Bivens, 403 U.S. at 395. However, the Bivens cause of action is restricted and it does not authorize a plaintiff to bring an action *any* time his constitutional rights have been violated. Rather, the Supreme Court allows a Bivens action only if the court finds "(i) no

---

[1] The Court is perplexed by the cases Plaintiff selected to support his "Memorandum in Opposition to Motion to Dismiss." Perhaps Plaintiff's counsel is unclear that this Court is one of many district courts in the Fifth Circuit. He may also not be aware of the fact that we sit in the Western District of Louisiana. The Court only notes these geographical matters because Plaintiff's counsel cited one case from the Northern District of Iowa, four cases from the Second Circuit, one case from the Seventh Circuit, a stunning five cases from the Eighth Circuit, and two cases from the Tenth Circuit, most of which supported propositions well documented in Fifth Circuit jurisprudence. With so much circuit court precedent cited, it is a wonder that only *one* case from the Fifth Circuit wormed its way into his argument. As much as we respect our esteemed colleagues from various circuit courts, Plaintiff's counsel would be well advised to begin citing *mandatory* authorities from the Fifth Circuit rather than simply *persuasive* authorities from all other circuit courts.

4

special factors counseling hesitation in the absence of affirmative action by Congress and (ii) no explicit congressional declaration that money damages not be awarded. Rollins v. Marsh, 937 F.2d 134, 138 (5th Cir. 1991)(citing Bivens, 403 U.S. at 396)(internal quotation marks omitted). When courts have discussed whether a claimant bringing an employment discrimination action may also sustain a Bivens action, the courts combine the Supreme Court's determination that Title VII is the exclusive remedy for employment discrimination violations[2] with the Bivens restriction that a court should not create an additional remedy for constitutional violations where there are special factors counseling hesitation.

One of the limitations on Bivens actions arises in the Title VII arena. In Bush v. Lucas, 462 U.S. 367, 103 S.Ct. 2404 (1983), the Supreme Court examined claims brought by a federal employee to recover for alleged defamation and retaliatory demotion in violation of his First Amendment rights. The Court assumed a federal right had been violated and that Congress had not provided a sufficient remedy to compensate the injured party. Id. at 373. Yet, the plaintiff had been provided by law with an opportunity to present his allegation of employment discrimination to the Federal Employee Appeals Authority, which the Court determined was a "comprehensive scheme" for attending to employment discrimination actions. Id. at 385. Because the plaintiff had access

---

[2] The Supreme Court has held that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." Brown v. General Services Administration, 425 U.S. 820, 836, 96 S.Ct. 1961, 1969 (1976). In coming to this decision, the Court wrote:
> [Title VII] provides for a careful blend of administrative and judicial enforcement powers. . . . The crucial administrative role that each [administrative agency] was given by Congress in the eradication of employment discrimination would be eliminated by the simple expedient of putting a different label on the pleadings. It would require the suspension of disbelief to ascribe to Congress the design to allow its careful and thorough remedial scheme to be circumvented by artful pleading. Brown, 425 U.S. at 834 (citations and internal quotation marks omitted).

5

to a meaningful, although inadequate, remedy, the Court declined "to create a new substantive legal liability . . . because [it was] convinced that Congress is in a better position to decide whether or not the public interest would be served by creating it." Id. at 390. The Supreme Court, then, concluded that "although Congress had not expressly precluded a Bivens First Amendment suit, there were special factors counseling hesitation" by courts, including the comprehensive and exhaustive nature of the Congressionally-created administrative remedies. Rollins, 937 F.2d at 138. Instead, the Court concluded that it should not augment the statute with a new judicial remedy. Id.

In Cazalas v. United States Dept. of Justice, 569 F.Supp. 213 (E.D. La. 1983), a Louisiana federal district court examined claims brought by a former assistant United States Attorney who alleged that she was unlawfully dismissed because she was female and that her First and Fifth Amendment rights had been violated. To redress the alleged violation of her First Amendment rights, the plaintiff sought to proceed under a Bivens cause of action. The court noted "the distinction between the private and public employment contexts has been accorded significant import in earlier Supreme Court decisions." Id. at 227. Unlike private employers, the "[g]overnment has traditionally been granted the widest latitude in the dispatch of its own internal affairs." Id. (citing Cafeteria Workers v. McElroy, 367 U.S. 886, 81 S.Ct. 1743 (1961)). Noting the Court in Bush viewed the government employer-employee relationship as a special factor counseling hesitation in its decision declining to recognize a Bivens action, the district court in Cazalas also determined the plaintiff's status as a governmental employee was a special factor counseling hesitation in recognizing "a constitutional cause of action in the absence of affirmative action by Congress"

and declined to permit the plaintiff to continue asserting a Bivens cause of action. Id. at 229.  See also Heaney v. United States Veterans Administration, 756 F.2d 1215 (5th Cir. 1985)(finding that a Veterans Administration surgeon could not maintain a Bivens action because of the special nature of the government employment relationship and the need to operate governmental facilities efficiently were factors counseling hesitation against permitting a Bivens action).

After reviewing each of the cases cited above, the Court is convinced Mr. Washington cannot sustain a Bivens action against John and Jane Doe.  A Bivens action is not appropriate in this case because the Congressionally-created administrative agency to address complaints of Department of Veterans Affairs' employees is the Merit Systems Protection Board.  We, like other courts whose rulings are discussed above, consider the existence of the Merit Systems Protection Board to be a special factor counseling hesitation against creating a Bivens remedy for a federal employee alleging that his First Amendment rights were violated.  Since Plaintiff has not steered us toward a case in which a federal employee or former employee was permitted to maintain a Bivens action for alleged employment discrimination where Congress had established an administrative agency to address employee complaints,[3] and because the Supreme Court and Fifth Circuit cases are clear that no such action shall be sustained, the Court finds Mr. Washington may not maintain a Bivens action and

---

[3] Although Plaintiff's counsel cites Krueger v. Lyng, 927 F.2d 1050 (8th Cir. 1991) for the proposition that Bivens actions may be brought to remedy violations of First Amendment rights, the Court finds two reasons Krueger is inapplicable to the action before us.  First, the decision was issued by the Eighth Circuit and, therefore, is only a persuasive, not mandatory, authority. Second, the Eighth Circuit permitted a *state* employee to bring a Bivens action.  In the case currently before us, the Plaintiff was a *federal* employee, a notable distinction in the applicable case law.

Defendant's Motion to Dismiss will be granted as to Mr. Washington's claims against John and Jane Doe.[4]

C. Section 1981

In his Amended Complaint, Mr. Washington alleges his § 1981 rights were violated because he was allegedly terminated on account of his race. In response, Defendant asserts that Mr. Washington's sole remedy lies in Title VII and he cannot bring a § 1981 claim. We agree with Defendant. As previously discussed, Title VII is the exclusive remedy for employment discrimination claims brought against the federal government. Brown, 425 U.S. at 836. See also Rowe v. Sullivan, 967 F.2d 186, 189 (5th Cir. 1992)(reiterating that "the provisions of Title VII of the Civil Rights Act applicable to claims of racial discrimination in federal employment are the exclusive and preemptive remedy for such claims"). Because Title VII remains the sole remedy for employment discrimination claims brought by former federal employees, Mr. Washington's' § 1981 action must be dismissed.

Conclusion

For the reasons stated above, the Motion to Dismiss submitted by Defendant, the United States of America, will be GRANTED in full. Thus, Plaintiff's Title VII and § 1981 claims will be dismissed. Further, all claims against John and Jane Doe, including any Bivens action, will be dismissed since they cannot be recognized as defendants.

---

[4] Even if a Bivens action was the appropriate manner to address a federal employee's discrimination claims, we still would have dismissed John and Jane Doe from this litigation. As our colleague Chief Judge Polozola in the Middle District of Louisiana wrote: "[f]ictitious parties are not recognized in federal court." Oby v. Baton Rouge Marriott, 329 F.Supp. 772, 774 n.5 (M.D. La. 2004). Determining that a fictitious party must be dismissed from the pending litigation, Judge Polozola continued: "IT IS FURTHER ORDERED that XYZ Insurance Company be dismissed since it cannot be recognized as a defendant herein." Id. at 788.

SIGNED on this 2nd day of December, 2005, at Alexandria, Louisiana.

_____
Dee D. Drell
United States District Judge